## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA   CRIMINAL NO. 07-50067-01

VERSUS        JUDGE HICKS

LLOYD DEWITT TILLER, JR.   MAGISTRATE JUDGE
           HORNSBY

### MEMORANDUM IN SUPPORT OF
### MOTION IN ARREST OF JUDGMENT

  Lloyd Tiller was charged via grand jury indictment with two counts of communicating a threat to injure another in violation of 18 U.S.C. § 875(c).  He was convicted on both counts after a three day jury trial.

  Defendant, through counsel, requested a special charge that the charge required specific intent.  (See Defendant's Requested Jury Instruction No. 2, attached hereto).  The court denied this request, stating that this circuit has held the crime requires only general, as opposed to, specific intent.

  We respectfully submit that requiring only general intent renders 18 U.S.C. § 875(c) unconstitutionally vague.  Therefore, prosecution under this statute suffers from a defect in substance, which is a subject properly addressed by a motion to arrest judgment.

  To survive vagueness review, a statute must (1) define the offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited; and (2) establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory manner.  *Nunez v. City of San Diego*, 114 F.3d 935, 940 (9th Cir. 1997).

The Ninth Judicial Circuit has circumvented this challenge by its interpretation of the statute.  In that circuit, a conviction under § 875(c) requires proof of a specific intent to threaten.  *United States v. Twine*, 853 F.2d 676, 680 (9th Cir. 1988).  Only **true threats** are prohibited under this statute.  *Virginia v. Black*, 538 U.S. 343, 359-60, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003).  Indeed, the narrowing construction provided by Ninth Circuit jurisprudence certainly alleviates possible void-for-vagueness concerns.  *See*, *U.S. v. Sutcliffe*, 505 F.3d 944, 952 (9th Cir. 2007), *citing Boos v. Barry*, 485 U.S. 312, 329-30, 108 S.Ct. 1157, 99 L.Ed.2d 333 (1988).

Without any narrowing construction, the statute is unconstitutionally vague, and any indictment rendered thereunder fails properly to charge a prosecutable offense.  Indeed, the indictment fails to charge a proper offense, as the requisite element of specific intent has not been alleged.

Accordingly, pursuant to Rule 34 of the F.R.Cr.P., the defendant moves to vacate the conviction and arrest judgment.

Respectfully submitted,

**TUTT, STROUD & McKAY, LLC**

BY            s/ A.M. STROUD, III
                A.M. STROUD, III, Bar No. 12548
        920 Pierremont Road, Suite 308
        Shreveport, Louisiana  71106
        Telephone    (318) 868-6633
        Telecopier    (318) 868-5006

M. ALLYN STROUD, Bar No. 14457
**WIENER, WEISS & MADISON**
A Professional Corporation
333 Texas Street, Suite 2350
P. O. Box 21990
Shreveport, LA 71120-1990
Telephone     (318) 226-9100
Telecopier     (318) 424-5128

**ATTORNEYS FOR DEFENDANT,**
**LLOYD DEWITT TILLER, JR.**

# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 07-50067-01** |
| **VERSUS** | **JUDGE HICKS** |
| **LLOYD DEWITT TILLER, JR.** | **MAGISTRATE JUDGE HORNSBY** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on __October 2, 2008__, a copy of the above and foregoing Memorandum in Support of Motion In Arrest of Judgment was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to AUSA Robert W. Gillespie, Jr. by operation of the court's electronic filing system.

Shreveport, Louisiana, on this the __2nd__ day of October, 2008.


_____s/A.M. STROUD, III_____
A.M. STROUD, III