UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CR. NO. 07-50067-01** |
| | * | |
| **VERSUS** | * | **18 U.S.C. § 875(c)** |
| | * | **Threatening Interstate Communication** |
| **LLOYD DEWITT TILLER, JR.** | * | |
| | * | **DISTRICT JUDGE HICKS** |
| | * | **MAGISTRATE JUDGE HORNSBY** |

## GOVERNMENT'S MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION IN ARREST OF JUDGEMENT

MAY IT PLEASE THE COURT,

The defendant, Lloyd Tiller, Jr., filed a motion in arrest of judgment citing Rule 34 of the Federal Rules of Criminal Procedure as authority.

**Rule 34 Arresting Judgement** states:

(a) **In General**. Upon the defendant's motion or on its own, the court must arrest judgment if:

(1) the indictment or information does not charge an offense; or

(2) the court does not have jurisdiction of the charged offense.

(b) **Time to File.** The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.

The Superseding Indictment filed in this case properly and sufficiently charged two counts of a crime in violation of Title 18, United States Code, Section 875(c). The defendant does not assert the lack of jurisdiction of the court.

The defendant cites no authority for his statement that a Motion for Arrest of Judgement pursuant to Rule 34 is the proper method to address the trial court's refusal to give the defendant's Requested Jury Charge No. 2, which stated that specific intent was required by Title 18, United States Code, Section 875(c).

The defendant argues that the trial court's failure to instruct the jury that §875(c) is a specific intent crime requires an arrest of judgement because the jury instruction given (that the offense is a general intent crime), causes the statute to become unconstitutionally vague and that as a result of the jury instruction at trial the Superseding Indictment then becomes defective for failure of the indictment to charge an offense.

The trial court properly refused to instruct the jury that a violation of 18 U.S.C. §875(c) is a specific intent crime as this offense requires only general criminal intent. While other sub-sections of 18 U.S.C. § 875 *may* require specific intent, due to the particular language of that section (such as "intent to extort"), Section 875(c) has no such language and is a general intent offense which only requires proof that the threat at issue was made knowingly and intentionally. *See United States v. Myers*, 104 F.3d 76, 79 (5th Cir. 1997). In pre-trial filings, the defendant conceded that in the Fifth Circuit, a violation of 18 U.S.C. §875(c) is a general intent crime. While the defendant cites a Ninth Circuit Court of Appeals case for the proposition that "specific intent" is required by the 18 U.S.C. §875(c), no other circuit requires "specific intent" for a violation of §875(c), and Fifth Circuit precedent is clear that Section 875(c) is a general intent crime.

In *United States v. Daughenbaugh*, 49 F.3d 171 (5th Cir. 1995), *cert. denied*, 116 S.Ct 258 (1995), Daughenbaugh was found guilty of mailing threatening letters in violation of 18 U.S.C. § 876. Citing *United States v. Watts,* Daughenbaugh challenged the sufficiency of the evidence, contending that the letters he sent were not threats but, rather, were political speech protected by the First Amendment. The Fifth Circuit rejected his argument finding *Watts* inapposite because Watt's communication involved a public rally, not a private letter. The court found that the political rhetoric accompanying the threats furnished no constitutional shield to his prosecution. Further, the court found sufficient evidence existed

for a jury to find the defendant guilty. The jury charge given was found to be proper as it followed the Fifth Circuit Patten Jury Instructions, but added the phrase "as distinguished from political argument" to the Pattern Jury Instruction. *Daughenbaugh,* 49 F.3d at 173, n. 2. Additionally, the jury charge given in *United States v. Turner*, 960 F.2d 461, 463-464, (5th Cir. 1992) concerning "threats" was cited with approval in *Daughenbaugh*.

In *Turner,* in addition to approving the trial court's jury instruction on "threats" ( *Turner*, 960 at 464, n.3), the Fifth Circuit stated that: "A person violates 18 U.S.C. §876 by writing a threatening letter and knowingly causing it to be deposited in the United States mail" (*Turner*, 960 at 463, n.2.)   Both 18 U.S.C. §876 and 18 U.S.C. §875(c) are general intent crimes.  Section 876 prohibits the use of the mail to transmit a communication containing a threat to injure. Section §875(c) prohibits the use of interstate wire communications to transmit a communication containing a threat to injure.

The jury instructions given in the present case followed the Pattern Instruction, prior case law, and properly instructed the jury on the elements of Section 875(c), including the definition of "threat" and the intent required to find one guilty of a violation of Section 875(c).  In an abundance of caution, the government requested and the trial court added the phrase "as distinguished from political argument" to the pertinent jury instruction.

**Conclusion**

The defendant's motion for arrest of judgment is not proper under Rule 34, as the Superseding Indictment properly charges a crime.  The trial court's refusal to give the defendant's requested jury instruction that Section 875(c) is a specific intent crime was proper as Fifth Circuit precedent is clear that Section 875(c) is a general intent crime.  The trial court's refusal to give the specific intent instruction does not make the Superseding Indictment retroactively unconstitutionally vague.

WHEREFORE, the government prays that this response and opposition be found sufficient, and Defendant's Motion to Arrest Judgement be denied.

Respectfully submitted,

DONALD W. WASHINGTON
UNITED STATES ATTORNEY

By: */s/Robert W. Gillespie, Jr.*
ROBERT W. GILLESPIE, JR.
ASSISTANT U.S. ATTORNEY  Bar No. 06202
300 Fannin Street, Suite 3201
Shreveport, LA
(318) 676-3608
e-mail:Robert.Gillespie@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that a copy of the above GOVERNMENT RESPONSE AND OPPOSITION TO DEFENDANT'S IN ARREST OF JUDGEMENT and the government's MEMORANDUM IN SUPPORT TO THE GOVERNMENT'S RESPONSE and OPPOSITION and proposed Order have been mailed to Mr. A.M. Stroud, III, Tutt, Stroud & McKay, LLC, Attorneys at Law, 920 Pierremont Road, Suite 308, Shreveport, LA 71106, and to Mr. M. Allyn Stroud, Wiener, Weiss & Madison, A Professional Corporation, 333 Texas Street, Suite 2350, P.O. Box 21990, Shreveport, LA, and transmitted by e-mail to each, this 8th day of October 2008.

                              *s/ Robert W. Gillespie, Jr.*
                              Assistant U. S. Attorney