UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 07-50067

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

LLOYD DEWITT TILLER                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion in Arrest of Judgment (Record Document 91) filed by the defendant, Lloyd Dewitt Tiller ("Tiller"). The Government opposed the motion. See Record Document 93. For the reasons which follow, the Motion in Arrest of Judgment is **DENIED**.

Tiller filed the instant motion pursuant to Federal Rule of Criminal Procedure 34, which provides, in pertinent part:

> (a) In General. Upon the defendant's motion or on its own, the court must arrest judgment if:
>
> (1) the indictment or information does not charge an offense . . .

Record Document 91. Under this rule, Tiller moves the Court to vacate the guilty verdict returned by the jury in this case and arrest judgment "because of the failure of the indictment to charge an offense, as the statute upon which the prosecution was premised is unconstitutionally vague." Id. He argues that 18 U.S.C. § 875(c) is unconstitutionally vague because it requires only general intent and any prosecution under such statute suffers from a defect in substance. See id. He further contends that this Court should follow the Ninth Circuit's approach and circumvent the vagueness challenge by requiring proof of specific intent for a conviction under Section 875(c). See id., citing U.S. v. Twine, 853 F.2d 676 (9th Cir. 1988).

The Government opposed the motion, arguing that each count of the superseding

indictment properly charged a criminal offense and that Section 875(c) is not unconstitutionally vague. See Record Document 93. The Government also questioned whether Rule 34 was the proper procedural vehicle for Tiller to make the instant challenge to his conviction, as he is essentially challenging the Court's refusal to instruct the jury that a conviction under Section 875(c) requires a finding of specific intent and to reference "true threats" in the jury instructions. See id.

Regardless of whether Rule 34 is the proper procedural vehicle for the instant challenge, the Court finds that an arrest of judgment is not warranted in this matter and will address each of Tiller's arguments in turn. First, the superseding indictment in this case clearly charged Tiller with offenses under 18 U.S.C. § 875(c)[1] for knowingly transmitting in interstate an foreign commerce a communication containing a threat to injure the person of another. See Record Document 40. The Court further finds that Section 875(c) is not impermissibly vague. See Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858 (1983) ("To avoid unconstitutional vagueness, [a statute] must (1) define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited; and (2) establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory manner."). Even considering the general intent requirement ("knowingly"), as compared to a specific intent requirement ("willfully"), an ordinary citizen can understand what is meant by the terms "transmit," "threat to kidnap," and "threat to

---

[1]Title 18, United States Code, Section 875(c) provides:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 875(c).

injure the person of another" and the statute easily provides sufficient standards to allow enforcement in a non-arbitrary manner.

As to Tiller's argument on the issue of specific intent, the Fifth Circuit has repeatedly held that a conviction under Section 875(c) requires only general intent. See U.S. v. Myers, 104 F.3d 76, 81 (5th Cir. 1997); U.S. v. Morales, 272 F.3d 284, 287 (5th Cir. 2001). Thus, under binding Fifth Circuit precedent, a specific intent jury instruction would not have been substantively correct in this case. Likewise, the Court did not reference the phrase "true threats" in its jury instructions, as such phrase does not appear in Section 875(c). The jury was instead instructed in accordance with Fifth Circuit Pattern Jury Instruction 2.40 as to the definition threats:

> A "threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from political argument, mere idle or careless talk, exaggeration, or something said in a joking manner. A communication contains a "threat" under Section 875(c) if in its context it would have a reasonable tendency to create apprehension that its originator will act according to its tenor. It is not necessary to prove that the defendant actually intended to carry out the threat.

Record Document 81 at 7. In sum, Tiller's arguments as to the indictment failing to charge an offense, vagueness, specific intent, and true threats simply do not warrant an arrest of judgment in this matter.

Accordingly,

**IT IS ORDERED** that the Motion in Arrest of Judgment (Record Document 91) filed by Tiller be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of October, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE