# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CR. NO.  07-50067-01** |
| | * | |
| **VERSUS** | * | **18 U.S.C.  § 875(c)** |
| | * | **Threatening Interstate Communication** |
| **LLOYD DEWITT TILLER, JR.** | * | |
| | * | **DISTRICT JUDGE HICKS** |
| | * | **MAGISTRATE JUDGE HORNSBY** |

## GOVERNMENT'S MOTION REQUESTING THAT DEFENDANT'S CASH BOND BE USED TO PAY RESTITUTION

NOW INTO COURT, comes the United States of America, through the United States Attorney, and by his Assistant United States Attorney, and shows:

1.

On January 8, 2009, following defendant's jury conviction of Counts One and Two of the Superceding Indictment, the defendant was sentenced to serve 41 months in the custody of the Bureau of Prisons. Upon his release from prison he is to be on supervised release for a term of three years. These sentences on each count are to run concurrent. No fine was imposed due to the amount of restitution imposed. The defendant was ordered to pay restitution in the amount of $80,000 to the government of Canada. He was also ordered to pay a total of $200 in special assessments pursuant to the Victim-Witness Act.

Page 1

2.

On January 8, 2009, after the defendant was sentenced, the defendant moved to be continued on his bond and be allowed to "self-report" to prison.  This motion was granted after the Court ordered the defendant's cash bond of $25,000 (previously paid by the defendant and previously deposited into the registry of the U.S. Clerk of Court), be increased by an additional $55,000, for a total cash bond of $80,000.  The defendant was given until January 16, 2009, to make the deposit into the registry of the court of the additional $55,000 in cash.  The Court ordered that this bond money be placed in an interest bearing account.  The Court further stated that the principal cash bond of $80,000 plus all interest earned, less the Court's assessment fee, would ultimately be paid to the victim upon Court Order.   The defendant was ordered to report to the institution designated by the Bureau of Prisons before 2:00 p.m. on February 16, 2009. [Oral Judgment of January 8, 2009; Written Judgment filed January 13, 2009, DOC 101].

3.

On January 16, 2009, the defendant deposited the additional $55,000 in cash into the registry of the court. This deposit is shown as being made on January 20, 2009, in the PACER.  These funds were placed by the Clerk of Court into an interest-bearing account as directed by the Court and pursuant to local court rules.  The defendant  also paid his $200 victim-witness special assessment. There was no fine imposed this case.

4.

On February 16, 2009, the defendant reported to the Federal Correctional Institution in Seagoville, Texas as ordered.

5.

Since the defendant is now in custody of the Bureau of Prisons, and the defendant has completed his bond obligations, he should be released from any obligations of his cash bond.

6.

United States Attorney moves that the Clerk of Court be authorized and directed to draw a check on the funds received from the defendant and now in the registry of this court in the  principal sum of $80,000, plus all interest earned, less the assessment fee for the administration of funds, payable to:  Receiver General for Canada, and mail this check to: Receiver General for Canada, care of  Mr. Trevor J. Smith, Special Advisor and Counsel to the ADM Law Branch - Assistant Deputy Minister's Office  Law Branch, Department of Finance Canada, 140 O'Conner Street, 21st Floor, East Tower, Ottawa, Ontario, Canada, K1A0G5.   While the judgment says restitution is payable to Mr. Trevor J. Smith, Mr. Smith and other Canadian authorities note that the check should be made payable to the Receiver General for Canada.  Mr. Smith agrees to receive this restitution check on the behalf of the government of Canada and deliver it to the Receiver General for Canada for deposit. Mr. Smith also agrees to execute any paperwork required by the Clerk of Court to show that this check was deposited with the Receiver General for Canada.   There is no United States federal tax ID number for the government of Canada.

7.

Title 28, United States Code, Section 2044, allows for the court to order any bond money belonging to and deposited by or on behalf of the defendant with the court to be paid over to the United States Attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

In the present case, the United States Attorney moves that this money be directly be sent to the government of Canada by the Clerk of Court.

Pursuant to 28 U.S.C. §2044, 18 U.S.C. §§3611, 3612 and §3665 (generally), and in particular 18 U.S.C. §3665 (m)(1)(A)(i) and (ii)), this motion by the United States Attorney is both an available and reasonable means to ensure that the restitution ordered in the judgment is paid by the defendant. Pursuant to Local Rule 67.3.

8.

Pursuant to Local Rule 67.3 E & W, this motion and proposed order for disbursement of registry funds was submitted to the Clerk of Court's  Financial Deputy Clerk for certification of the principal amount of the funds held in the registry in a particular case, before the motion was filed. This certification is attached to the motion.

9.

At the sentencing hearing when the issue of "self-reporting" was raised, the defendant and his trial counsel agreed that his cash bond would be raised to a total of $80,000, and that after the defendant completed his bond requirements by reporting to the Bureau of Prisons facility as ordered, the defendant's cash bond would be sent by the Clerk of Court to the government of Canada to pay the restitution the defendant was ordered to pay.

Undersigned counsel has personally contacted Mr. A.M. Stroud, III, and provided him a copy of this proposed motion, order, and memorandum in support of the United States Attorney's motion. Counsel for the defendant has no opposition to the government's motion and proposed order.

WHEREFORE, the United States Attorney prays that this Court find the United State's

motion, proposed order and this memorandum be found sufficient and this motion be granted.

Respectfully submitted,

DONALD W. WASHINGTON
UNITED STATES ATTORNEY


By: /s/ *Robert W. Gillespie, Jr.*
ROBERT W. GILLESPIE, JR. (Bar. No. 06202)
Assistant United States Attorney
300 Fannin St., Ste. 3201
Shreveport, LA 71101
318/676-3600