UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 07-50067-01 |
| | * | |
| VERSUS | * | 18 U.S.C. § 875(c) |
| | * | **Threatening Interstate Communication** |
| LLOYD DEWITT TILLER, JR. | * | |
| | * | **DISTRICT JUDGE HICKS** |
| | * | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION REQUESTING THAT DEFENDANT'S CASH BOND
BE USED TO PAY RESTITUTION**

NOW INTO COURT, comes the United States of America, through the United States Attorney, and by his Assistant United States Attorney, and in support of the Government's Motion Requesting that Defendant's Cash Bond be Used to Pay Restitution states:

**Status of the Case**

On January 8, 2009, following his jury conviction of Counts One and Two of the Superceding Indictment, the defendant was sentenced to serve 41 months in the custody of the Bureau of Prisons. Upon his release from prison he is to be on supervised release for a term of three years. These sentences are to run concurrent. No fine was imposed due to the amount of restitution imposed. The defendant was ordered to pay restitution in the amount of $80,000 to the government of Canada. He was also ordered to pay a total of $200 in special assessments pursuant to the Victim-Witness Act.

On January 8, 2009, after the defendant was sentenced, the defendant moved to be continued on his bond and be allowed to "self-report" to prison. This motion was granted after the Court ordered the defendant's cash bond of $25,000 (previously paid by the defendant and previously deposited into the registry of the U.S. Clerk of Court), be increased by an additional $55,000, for a total cash bond of $80,000. The defendant was given until January 16, 2009, to make the deposit into the registry of the court of the additional $55,000 in cash. The Court ordered that the bond money be placed in an interest bearing account. The Court further stated that the principal cash bond of $80,000 plus all interest earned, less the Court's assessment fee, will ultimately be paid to the victim upon Court Order. Defendant was ordered to report to the institution designated by the Bureau of Prisons before 2:00 p.m. on February 16, 2009. [Oral Judgment of January 8, 2009; Written Judgment filed January 13, 2009, DOC 101].

On January 16, 2009, the defendant deposited the additional $55,000 in cash into the registry of the court. [The PACER records show January 20, 2009, but undersigned Assistant United States Attorney believes the defendant paid this amount as ordered on January 16, 2009.] As directed by the Court and pursuant to local court rules, the $80,000 was placed by the Clerk of Court into an interest-bearing account. Defendant also paid his $200 victim-witness special assessment.

On February 16, 2009, the defendant reported to the Federal Correctional Institution in Seagoville, Texas as ordered.

Since the defendant is now in custody of the Bureau of Prisons, the defendant has completed his bond obligations and his bond is moot and he should be released from any obligations of his bond.

**Substance of Motion**

In its motion the United States Attorney has moved that the Clerk of Court be authorized and directed to draw a check on the funds on deposit by the defendant in the registry of this court in the principal sum of $80,000, plus all interest earned, less the assessment fee for the administration of funds, payable to: Receiver General for Canada, and mail this check to: Receiver General for Canada, care of Mr. Trevor J. Smith, Special Advisor and Counsel to the ADM Law Branch - Assistant Deputy Minister's Office Law Branch, Department of Finance Canada, 140 O'Conner Street, 21st Floor, East Tower, Ottawa, Ontario, Canada, K1A0G5. While the judgment says restitution is payable to Mr. Trevor J. Smith, it should be made payable to the Receiver General for Canada. Mr. Smith agrees to receive this restitution check on the behalf of the government of Canada and deliver it to the Receiver General for Canada for deposit. Mr. Smith also agrees to execute any paperwork required by the Clerk of Court to show that this check was deposited with the Receiver General for Canada.

**Authority**

After the defendant was sentenced and as the issue of bond pending reporting was addressed in open court, the defendant agreed that once the defendant had met his bond requirements by reporting to prison as directed, a motion would be filed by the United States Attorney for his $80,000 cash bond be used to pay the restitution ordered to be paid by the defendant to the government of Canada.

The Clerk of Court received these funds and the United States Attorney moves that these funds be disbursed from the registry of the court, and a check issued to the government of Canada payable to: Receiver General for Canada, pursuant to Local Rule 67.3.

Title 28, United States Code, Section 2044, **Payment of fine with bond money** states in part:

> "On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant."

The United States Attorney moves that this money deposited by the defendant be directly sent to the government of Canada by the Clerk of Court.

Pursuant to 18 U.S.C. §§ 3611, 3612 and 3665, generally, and in particular 18 U.S.C. § 3665(m)(1)(A)(i) and (ii), this request by the United States Attorney is both an available and reasonable means to ensure that the restitution ordered in the judgment is paid by the defendant.

Additionally, the Court has inherit power to enforce its judgment and to issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651 (commonly called the All Writs Act).

Local Rule 67.3 E & W states that a motion for disbursement of registry funds shall be submitted to the financial deputy clerk for certification of the principal amount of the funds held in the registry in a particular case, before the motion is presented to the judge. This motion together with the proposed order have been submitted to the Clerk of Court for certification. This certification is attached to the motion filed by the United States Attorney.

**No Opposition to the Motion by Counsel for the Defendant**

As noted previously, the defendant and his trial counsel agreed to this transfer of the defendant's cash bond to the victim at the sentencing hearing when the issue of "self-reporting" was raised.

Recently, undersigned counsel has personally contacted Mr. A.M. Stroud, III, and provided him a copy of this proposed motion, order, and memorandum in support of the United States Attorney's motion for his review. Counsel for the defendant stated that he has no opposition to the government's motion and proposed order.

WHEREFORE, the United States Attorney prays that this Court find the United State's motion, proposed order and this memorandum be found sufficient and this motion be granted.

Respectfully submitted,

DONALD W. WASHINGTON
UNITED STATES ATTORNEY


By: /s/ *Robert W. Gillespie, Jr.*
ROBERT W. GILLESPIE, JR. (Bar. No. 06202)
Assistant United States Attorney
300 Fannin St., Ste. 3201
Shreveport, LA 71101
318/676-3600

## CERTIFICATE

I hereby certify that a copy of the United State's Motion, proposed order, and the above memorandum has been transmitted via email and fax: A.M. Stroud, III, attorney for Lloyd Tiller, by FAX to (318) 868-5006, and mailed to his office at 920 Pierremont Road, Suite 308, Shreveport, LA 71106, all done the 2ed day of March 2009.

/s/ *Robert W. Gillespie, Jr.*
ROBERT W. GILLESPIE, JR.
Assistant United States Attorney